IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHERON GABRIEL TERRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv110 |
| CRYSTAL ANTHONY, ET AL. | § | |

MEMORANDUM OPINION

Sheron Gabriel Terell, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Crystal Anthony, Armando Olivares, Brenda Vallejo, Taliesin Stern, Ashley Stephenson, Blake Lamb and M. Blalock.

Factual Allegations

Plaintiff alleges that defendant Anthony wrote a disciplinary case against him and that the case was false. The disciplinary report was given to defendant Olivares. When interviewed by defendant Olivares, plaintiff denied the charge and asked defendant Olivares to check video surveillance.

Plaintiff was subsequently interviewed by defendant Vallejo, who acted as his counsel substitute in connection with the disciplinary proceeding. Plaintiff told her that he was not guilty and said it was impossible for defendant Anthony to have observed the conduct described in the disciplinary report.

Defendant Stern presided at plaintiff's disciplinary hearing. Plaintiff states he told defendant Stern why he was not guilty. Defendant Anthony testified falsely in support of the charge against plaintiff. Plaintiff asked that video surveillance recordings be played at the hearing. However, defendant Stern stated that the recordings had not been requested in a timely manner. Plaintiff was

found guilty of the offense with which he was charged. The punishment imposed included the loss of 30 days of good conduct time credits. He states defendant Vallejo failed to properly represent him at the hearing.

Plaintiff states he filed grievances concerning his disciplinary conviction. Defendant Lamb denied his Step 1 grievance. He alleges defendant Stephenson improperly returned a grievance he filed without processing it. She stated the grievance was redundant of another grievance. Defendant Blalock denied a Step 2 grievance plaintiff filed.

## Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious or fails to state a claim or (2) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does factual allegations and legal conclusions, is frivolous when it lacks an arguable basis either in law or fact." The Court also states that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are insufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and favorably construed to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

## Analysis

*False Disciplinary Charge*

Plaintiff alleges that the disciplinary charge written against him by defendant Anthony was false, thus asserting he was subjected to malicious prosecution. However, there is not a freestanding claim for malicious prosecution in a civil rights lawsuit. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Further, a claim that a proceeding was brought against a plaintiff without sufficient cause does not state a claim upon which relief may be granted. *Id*. As a result, plaintiff's allegation that the disciplinary charge was false fails to state a claim upon which relief may be granted.

*Counsel Substitute*

Plaintiff alleges defendant Vallejo failed to properly perform her duties as his counsel substitute. Title 42 U.S.C. § 1983 provides that in order to be liable, a defendant must act under color of state law. However, a counsel substitute does not act under color of state law. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). As a result, plaintiff has failed to state a claim upon which relief may be granted against defendant Vallejo.

*Denial of Due Process*

Plaintiff alleges defendant Stern denied him due process of law during his disciplinary hearing.

Plaintiff seeks money damages in this lawsuit. In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the actions which affected the duration of his confinement have been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This principle applies to prison disciplinary proceedings as well as criminal convictions, *Edwards v. Balisok*, 520 U.S. 641, 646-7 (1997), and applies even if a plaintiff has been released from prison. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). A claim for damages based on imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a finding in favor of the plaintiff would necessarily imply the validity of the duration of his confinement. If it would, the claim must be dismissed unless the plaintiff can demonstrate that the proceeding being challenged has already been invalidated. *Id*.

Here, plaintiff asserts he was denied due process of law in connection with a prison disciplinary proceeding. He states that the actions of defendant Stern deprived him of evidence that would have established his innocence and prevented him from being able to adequately defend himself. A finding in his favor would therefore necessarily imply that his disciplinary conviction was invalid, calling into question the validity of the duration of his confinement. Accordingly, plaintiff could only proceed with this claim if the *Heck* requirements regarding a prior finding as to

the invalidity of the disciplinary proceeding were satisfied. As plaintiff does not allege the *Heck* requirements have been satisfied, *Heck* prevents him from proceeding with this claim.

*Grievances*

Finally, plaintiff alleges defendants Stephenson, Blake and Blalock failed to properly process, investigate and respond to grievances he filed. However, inmates do not have a constitutionally protected liberty interest in having grievances investigated or resolved to their satisfaction. *Geiger v. Jowers*, , 404 F.3d 371, 374-75 (5th Cir. 2005). The allegations concerning plaintiff's grievances therefore fail to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, plaintiff has failed to state a claim upon which relief may be granted. As a result, a final judgment shall be entered dismissing this lawsuit.

**SIGNED** this the 21 day of **July, 2021.**

_____
Thad Heartfield
United States District Judge